ON KEHEABING.
Wilson, J.
After careful consideration of the arguments advanced and earnestly urged by counsel on rehearing, we see no reason to change our views on the material questions involved. We adhere to the opinion that an order extending the time within which the bill of exceptions could be settled and filed, as well as an order fixing the time originally, are judicial acts, and therefore without the power of the court or judge to make them, except in term time. The contention of the defendants would lead to the ultimate result that the words “ court ” and “ judge ” are used in the code as synonymous and inter *8 changeable. We cannot by any means concede such a doctrine. It is subversive of well established rules of law, and would lead to inextricable confusion, and disastrous results to litigants. As was well said by our supreme court in Gruner v. Moore, 6 Colo. 530, “ Such judicial business as may be done by the judge out of court is exceptional, and must find its warrant in some express provision of the statute.” Without a statute permitting the court to fix the time after the term within which the bill of exceptions might be settled and signed, this could not have been done except in term time, and we fail to see wherein the act extending the time after the lapse of the term differs in character from the act originally fixing the time. If one was a judicial act, so must be the other. Whilst our atteirtion has not been called to any decision of our supreme court in which the point here discussed is expressly raised or decided, our position is abundantly supported and impregnably fortified by the reasoning of that court in a number of cases. Murphy v. Cunningham, 1 Colo. 467; Grieg v. Clement, 20 Colo. 167; Ritchey v. The People, 23 Colo. 327; Robinson v. Railroad Co., 24 Colo. 102.
It is possible that we may have fallen into an error in assuming as we did in this case that the order of extension was made without notice to the other party, but the mistake was occasioned by our reliance upon an unchallenged statement of fact in one of the briefs of counsel. This, however, was immaterial,. The judge being without power to make the order in vacation, a simple notice to the other party that it would be applied for would not invest him with the power. This question could be material only where it was sought to claim that the defendant in error by his laches or negligent failure to object or to take advantage of such question in apt time waives the point, and brings himself within the rule laid down in Robinson v. Railroad Co., supra. There is no such question here presented. The defendant in error in this case moved veiy promptly, and asserted the invalidity of the judge’s act by filing a motion in this court to strike the bill of exceptions.
*9 Defendants insist, however, that this court was in error in holding that the so-called amendments to their answer, offered and refused by the court during the progress of the trial, were not a part of the record proper. They contend that it was a part of the record proper, because the clerk saw fit to make an indorsement of filing upon the amendments offered, and inserted what purported to be a copy of them in his transcript. The mere filing of a paper in a cause does not by any means make it a part of the record. Wike et al. v. Campbell, 5 Colo. 126; Rutter et al., v. Shumway, 16 Colo. 96. Its contents and character determine that question, and not the act of the clerk. If an instrument is not a proper part of the record, although filed by the clerk and inserted in his transcript it will be disregarded by the appellate court. Elliot, App. Proc. §196. Applications to amend pleadings, especially during the progress of a trial, are largely within the discretion of the court. Applications then made are matters of procedure during the trial, and are not, when refused, intrinsically parts of the record. The contents of the amendments proposed, and the refusal of the court, must in our opinion be preserved by the bill of exceptions. Substituted pleadings, when the substitution is ordered, are parts of the record; if not so ordered, they are not. Elliott, App. Proc. § 190. Upon the same principle, if the offered amendments are allowed, it could be said that they become a part of the record proper, otherwise not. An application or motion to amend a pleading after the issues have been made up and during the progress of a trial are not (if ever at any time) motions affecting or based upon the pleadings so as to bring them within the provisions of sections 60 and 387 of the code, or of either* of them. It is more in the nature of a motion to substitute or add a new pleading. It neither seeks to attack any pleading nor asks any action of the court based upon or by reason of any infirmity, defect or admission of any pleading. It would not be necessary for us, however, to decide this question positively, because we have given to defendants the benefit of an examination of the amendments *10 proposed, and we think that they were properly refused. They did not tender any new defense, nor did they show any necessity for D. W. Sutherland being made a party defendant. This was an action to recover for work and labor and money expended about the working of a mine, under the allegations of an express contract made between plaintiff and defendants. We fail to see, therefore, how a denial that plaintiff had “paid out any money or moneys of his own in the development of the said mining property,” was material or pertinent or would constitute any defense. So far as these defendants were concerned, it was immaterial from what source the money expended by plaintiff was obtained. The issue was whether the plaintiff had expended the moneys upon the property in pursuance of his contract with defendants. Nor was there anything at all in the offered amendments to show that Sutherland was a necessary party. The averment of the third amendment was that Sutherland “from the time of the purchase of the said one-fourth interest, undertook and agreed to pay his proportional share of the expense.” It does not charge with whom said agreement was ever made, and there is nothing to show how he became connected in any manner with the contract between plaintiff and defendants, upon which this suit was based. The only other allegation in the proposed amendments was to the effect that the contract between the parties was that the. defendants were to be responsible for the expense of operating the mines in proportion only to their respective interests therein. This could have been shown if true, under the pleadings as they stood when the trial commenced. Whether, therefore, these proffered amendments are a part of the record or not, there was no error nor abuse of discretion by the court in refusing to allow them.
Counsel for the defendants also feels aggrieved because of the failure to sustain a motion which he made to remand the record for amendment so as to include in it the record of a suit in equity which he claims was commenced in the district court wherein this judgment was rendered, to vacate this *11 judgment, and grant a new trial. Iiis argument in support of this is based upon the theory that such an equity suit in its scope and effect is co-extensive and co-ordinate with a motion for a new trial, the latter being available only during the term in which judgment was rendered, while the former is available within any reasonable time. In general terms, this may be accepted as true, but we have not been cited to any authority nor do we know of any in support of the proposition that such a suit takes the place of a motion for a new trial, and becomes or could become a part of the record in the action at law, until at least final judgment had been rendered, or some injunctive process had been issued by a court of competent jurisdiction. We do not knowhow such a doctrine can be maintained either upon principle or reason. Surely, there would be no end of litigation if after a judgment was finally rendered, a party could shay all proceedings thereunder simply by the institution of a suit in equity to vacate the judgment, without obtaining any injunctive process whatever. If, as they contend,-the equity suit took the place of, and became a motion for a new trial, then without any injunction it operated to stay all proceedings, and would stay them until the final determination of the equity suit. Such a course of procedure would involve all litigation in confusion, and would swell the records of a cause to an appalling magnitude. Equity may in proper cases set aside or vacate a judgment and give a new trial, and it has power likewise to absolutely annul it and declare it void, but neither upon principle, reason, nor authority does the mere institution of the suit operate to stay any proceedings under the judgment which it is proposed to assail. Before this result can be attained, the equity court must stretch forth the strong arm with which it is equipped to meet just such emergencies, and enjoin further proceedings. It has ample power to relieve against the hardships of any imaginary cases which counsel suggest. We cannot admit that a mere pleading in an independent equity suit can be injected into an action at law by the mere force of its own momentum, and become a pleading *12 in such law action. None of the cases cited by defendants in support of their position, Bibend v. Kreutz, 20 Cal. 111, Snider v. Rinehart, 20 Colo. 448, R. R. Co. v. Murphy, 111 U. S. 488, are at all in point as we read them. In the California case, it was simply held that the statutory remedy by motion to set aside, was not exclusive, and that this remedy, being only available during the term at which the judgment was rendered, the assistance of equity might be invoked in a proper case, after the lapse of the term. In Snider v. Rinehart it was held that a suit in equity might be maintained to secure a new trial on the ground of newly discovered evidence, if it appeared that the evidence was not discovered in time to have been presented upon the motion for new trial in the legal action. We nowhere discover in the opinion anything which could be construed into support of the doctrine contended for by defendants. Other cases cited are simply to the effect that a motion for a new trial properly interposed in a legal action, until passed upon, preserves the rights of the appealing party as to preparing and filing bill of exceptions, a proposition which will not be disputed, but which is not the proposition before us. There was in this case'no pending and undetermined motion for a new trial. The suit in equity to vacate the judgment, although begun within the ninety days fixed by the court within which the bill of exceptions was to have been filed, or within any other time, could not of itself have taken the place of a motion for a new trial.
We adhere to the opinion as first announced. The judgment in the cause will be affirmed.

Affirmed.